UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD BONNER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:11-CV-513 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Charles Edward Bonner is a Texas parolee who was convicted of burglary, possession of cocaine, and two counts of aggravated robbery with a deadly weapon. This case was dismissed without prejudice for want of prosecution and was reopened after Bonner filed a motion to reconsider and his response to the summary judgment motion. The Court will now consider respondent's summary judgment motion, which seeks dismissal of the petition as successive. After considering the pleadings and the record, the Court **GRANTS** respondent's motion for the reasons discussed below.

### I. BACKGROUND

Bonner was convicted in the 344th District Court of Chambers County, Texas of burglary of a building in case number 6799, and of possession of cocaine in case number 6895. (DE 7, Exh. A). He was sentenced to sixty years imprisonment on each charge. Bonner was also convicted of two counts of

aggravated robbery with a deadly weapon in the 23rd District Court of Brazoria County, Texas in case number 19644, and was sentenced to fifty-five years imprisonment on each count. *Id.*

Bonner alleges the following grounds for relief:

1. Because his current convictions in cause numbers 6799, 6985 and 19644 were enhanced by a void prior conviction, his parole is illegally enhanced.

2. The Texas Court of Criminal Appeals "unconstitutionally denied" his state habeas applications challenging his parole.

3. By denying his motion for an evidentiary hearing, the Court of Criminal Appeals "waived any federal entitlement to presumption of correctness."

4. He was denied his constitutional right to present evidence.

(DE 1).

## II.  PROCEDURAL BACKGROUND

Bonner states that he challenged the enhancement of his convictions in three separate state habeas applications. (DE 1). On April 29, 2011, he challenged cause numbers 6799 and 6895 in his twenty-third and twenty-fourth state habeas applications, which the Texas Court of Criminal Appeals dismissed as subsequent. He also states that he challenged cause number 19644 in his twenty-fifth state habeas application, which was filed on May 19, 2011, and also dismissed as subsequent. In his response to the summary judgment motion, Bonner claims that

his constitutional rights were violated at the state level because he was denied an evidentiary hearing, that he was denied a "full and fair opportunity to litigate in the prior 21 writs," and that the only process he received was the "standard 'white card' court of criminal appeals write denial....all made in total absence of any trained lawyer or evidentiary hearing." (DE 17-4).

### III.    SUCCESSIVE PETITION

Respondent argues that petitioner is really challenging the use of a prior conviction to enhance his sentences in cause numbers 6799, 6895 and 19644, and attempts to frame his attack as a new event by alleging that he is challenging his release to parole and its "enhancement." (DE 7-5). In other words, Bonner is attempting to avoid the successive petition bar by framing his claims as an attack on the conditions of his release to parole.

Pursuant to 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must request permission before he presents a second or successive petition for federal habeas corpus review. 28 U.S.C. §§ 2244(b)(2) & (3). A petition presenting a challenge to a conviction or sentence that could have been raised in a prior petition is considered successive. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

While the AEDPA does not define "second or successive application," the Fifth Circuit Court of Appeals has stated that "a later petition is successive when it

(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).  The government initially bears the burden in pleading abuse of a writ.  This burden is satisfied if the government clearly and particularly (1) alleges abuse of a writ; (2) notes the petitioner's prior writ history; and (3) identifies claims appearing for the first time. *McCleskey v. Zant*, 499 U.S. 467 (1991).  The burden then shifts to the petitioner to demonstrate that his failure to raise the claim earlier is excused by showing (1) both cause and actual prejudice, or (2) that a fundamental miscarriage of justice would result should the petition be dismissed.  *Id.*

Bonner has filed several federal petitions prior to this petition challenging his conviction and sentence.  *See Bonner v. Collins*, Civil Action No. G-93-107 (S.D. Tex. 1995) (challenging cause no. 19644); *Bonner v. Collins,* Civil Action No. G-95-148 (S.D. Tex. 1996) (challenging cause numbers 6799 and 6895); *Bonner v. Dretke*, Civil Action No. H-05-62 (S.D. Tex. 2005) (challenging cause numbers 6799 and 6895 dismissals as successive); *Bonner v. Quarterman*, Civil Action No. G-07-264 (S.D. Tex. 2007) (challenging cause numbers 6799 and 6895 dismissals as successive).  Bonner has not shown, for the purposes of § 2244(b)(2), that his claims rely on a new retroactive rule of constitutional law or could not have been discovered previously through the exercise of due diligence.  His claims

concern the length of his sentences and could have been addressed in his prior petitions. The fact that Bonner is proceeding *pro se* does not excuse him from having to show either cause and actual prejudice or a fundamental miscarriage of justice, which he has failed to do. *See McCleskey, U.S. v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993).

Bonner's petition is successive and must be dismissed. Because he has not received permission from the Fifth Circuit Court of Appeals to file this petition, his petition does not comply with 28 U.S.C. § 2244(b)(3)A).

### IV.  CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his petition. This Court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum and Order, Bonner has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). The Court will deny the issuance of a

Certificate of Appealability.

### V. CONCLUSION

For the foregoing reasons:

1. The motion for summary judgment is **GRANTED** and the petition for writ of habeas corpus is **DISMISSED** with prejudice.

2. A Certificate of Appealability is **DENIED**.

3. The Clerk shall terminate all pending motions, if any.

It is so ORDERED.

SIGNED this 15th day of October, 2013.

                                                    Gregg Costa
                                      United States District Judge